**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESSICA ARNOLD,** | : | **Civil Action No.** |
| **220 Bainbridge Street** | : | |
| **Philadelphia, PA 19147** | : | |
|       **Plaintiff,** | : | |
| | : | |
|    v. | : | **Complaint and Jury Demand** |
| | : | |
| **LPMG MANAGEMENT COMPANY,** | : | |
| **1727 Snyder Avenue** | : | |
| **Philadelphia, PA 19145** | : | |
|       **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Jessica Arnold (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against LPMG Management Company (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, LPMG Management Company is a property management company with a location and corporate headquarters at 1727 Snyder Avenue, Philadelphia,

PA 19145.

4. Defendant is an employer as defined by Title VII and the PHRA.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

7. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

8. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

9. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil

Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

11. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendants is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

13. Plaintiff exhausted her administrative remedies under Title VII and PHRA.

14. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment and retaliation against Defendant.

15. The Charge was assigned a Charge Number 530-2023-04731 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

16. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated July 31, 2023. Plaintiff received the notice by electronic mail.

17. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

18. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

19. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

20. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

21. On or around January 10, 2022, Defendant hired Plaintiff in the position of Senior Accountant.

22. Plaintiff was well qualified for her position and performed well.

23. Since the start of her employment, Mark Fornal, Controller, subjected Plaintiff to unwanted and offensive sexual harassment.

24. Specifically, Mr. Fornal subjected Plaintiff to grooming behaviors including, but not limited to, invading Plaintiff's personal space, reaching around her body when she was using her mouse, and moving her chair when she was seated.

25. In or around early April 2022, Mr. Fornal asked Plaintiff to use his computer to make a wire transfer.

26. Plaintiff minimized the open documents on the screen to complete the transfer.

27. In doing so, Plaintiff saw numerous nude photos of Mr. Fornal's wife in an open file on his screen.

28. On or around April 13, 2022, Plaintiff filed a formal complaint with Human Resources complaint against Mr. Fornal through Defendant's third-party payroll and Human Resources administrator, TriNet.

29. Christopher Lillis, COO, by direction of TriNet, advised that Mr. Fornal verbally apologize to Plaintiff.

30. Defendant failed to address the complaint further.

31. Thereafter, Plaintiff's subordinate, Barbara Fleming, Accounts Payable Analyst, began to shun Plaintiff.

32. Previously, Plaintiff asked Ms. Fleming to provide her testimony regarding Mr. Fornal's sexual harassment.

33. In retaliation, Ms. Fleming began to exclude Plaintiff and only communicate with Plaintiff via email, even though they sat directly across from each other at the same desk space.

34. On or around April 30, 2022, Plaintiff complained of retaliation to John Longacre, President, during a one-on-one meeting.

35. Mr. Longacre stated that he would speak to Ms. Fleming.

36. Ms. Fleming apparently denied stating that she was treating Plaintiff poorly.

37. In or around July 2022, Julie White, 1099 Leasing Agent, informed Plaintiff that Ms. Fleming started a rumor that Plaintiff was having an affair with Mr. Fornal.

38. Plaintiff felt as if Defendant's employees were attempting to tarnish her reputation.

39. On or around September 7, 2022, Defendant hired Laura Zdanavage, Property Manager.

40. In or around early 2023, Mr. Fornal began putting his attention towards enticing Ms. Zdanavage.

41. As a result, Mr. Fornal left Plaintiff out of important business communications, making it difficult for her and impeding on her ability to perform her job.

42. Further, by in or around February 2023, Mr. Fornal began assigning Ms. Zdanavage Plaintiff's job duties, such as PO tracking and billing point of contact.

43. This effort to phase Plaintiff out was in retaliation for her denial of Mr. Fornal's sexual advances.

44. Then, on or around March 16, 2023, Mr. Fornal and Mr. Lillis called Plaintiff into their office and abruptly terminated her.

45. Mr. Fornal alleged that Plaintiff engaged in "inappropriate conduct."

46. Plaintiff pressed her examples, to which Mr. Fornal responded, "talking behind other people's backs."

47. Importantly, Plaintiff had never received any formal write ups or verbal disciplined prior to this termination.

48. She was the victim of sexual harassment and was being falsely accused of something she did not do in order to justify an otherwise retaliatory termination.

49. It is Plaintiff's position that she was sexually harassed and retaliated against for reporting the sexual harassment in violation of Title VII and the PHRA.

## COUNT I
## SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

50. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

51. Plaintiff is a member of protected classes in that she is female.

52. Taken together, the acts outlined above constitute a hostile work environment based on sex.

    a. Plaintiff suffered intentional discrimination because of her membership in a protected class – female;

    b. Such discrimination was severe and/or pervasive.

    c. Such discrimination detrimentally affected Plaintiff; and

    d. Such discrimination would have detrimentally affected a reasonable woman in Plaintiff's position.

53. The unlawful employment practices outlined above were intentional.

54. Plaintiff suffered tangible employment actions alleged herein, to include, but not necessarily be limited to, her termination.

55. Defendant knew or reasonably should have known of the sexual harassment.

56. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

57. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II
## SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
## PENNSYLVANIA HUMAN RELATIONS ACT

58. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

59. The foregoing conduct created a sexually hostile work environment for Plaintiff.

60. Plaintiff suffered intentional discrimination because of her sex.

61. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe and pervasive.

62. Defendant knew or should have known of the sexual harassment.

63. The discrimination detrimentally affected Plaintiff.

64. Plaintiff suffered tangible employment actions as alleged herein, to include, but not necessarily be limited to, termination.

65. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

66. Defendant knew or reasonably should have known of the sexual harassment.

67. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

68. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III
## RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

69. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

70. Plaintiff engaged in protected activity by Title VII.

71. Specifically, Plaintiff reported the sexual harassment to Defendant's third-party Human Resources administrator.

72. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

73. There exists a causal connection between Plaintiff's participation in the protected activity and any adverse employment action.

74. As a result of Defendant's actions and conduct, Plaintiff has suffered emotional pain and distress, mental anguish, and loss of enjoyment of life's pleasures, as well as damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV
## RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

75. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

76. Plaintiff engaged in protected activity by the PHRA.

77. Specifically, Plaintiff reported the sexual harassment to Defendant's third-party Human Resources administrator.

78. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

79. There exists a causal connection between Plaintiff's participation in the protected activity and any adverse employment action.

80. As a result of Defendant's actions and conduct, Plaintiff has suffered emotional pain and distress, mental anguish, and loss of enjoyment of life's pleasures, as well as damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jessica Arnold, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

(j) Order Defendants to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

                                    **RESPECTFULLY SUBMITTED,**

                                    **KOLLER LAW, LLC**

Date: October 30, 2023        **By:**    ***/s/ David M. Koller***
                                                      David M. Koller, Esquire (90119)
                                                      Jordan D. Santo, Esquire (320573)
                                                      2043 Locust Street, Suite 1B
                                                      Philadelphia, PA 19103
                                                      215-545-8917
                                                      davidk@kollerlawfirm.com
                                                      jordans@kollerlawfirm.com

                                                     *Counsel for Plaintiff*